IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TIFFANY HAIRSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:20-CV-930-KFP |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The Commissioner has filed an Unopposed Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g). Doc. 17. The Commissioner also filed a supporting memorandum asserting that reversal and remand is appropriate in this matter to obtain supplemental vocational expert testimony; resolve any apparent conflicts between the vocational expert's testimony and the Dictionary of Occupational Titles in accordance with Social Security Ruling 00-4p; and issue a new decision. Doc. 18. In addition, the parties consented to entry of final judgment by the United States Magistrate Judge under 28 U.S.C. § 636(c). Docs. 9, 10.

Sentence Four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The district court may remand a case to the Commissioner for a rehearing if the court finds "the decision is not supported by substantial evidence [or

the Commissioner or ALJ] incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996). In this case, the Court finds reversal and remand necessary, as Defendant concedes reconsideration and further development of the record is required. *See* Doc. 18. Accordingly, it is

ORDERED that the Commissioner's motion is GRANTED. The decision of the Commissioner is REVERSED and REMANDED for further proceedings under 42 U.S.C. § 405(g). It is further

ORDERED that, in accordance with *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1278 n.2 (11th Cir. 2006), Plaintiff has **90 days** after receipt of notice of an award of past due benefits to seek attorney's fees under 42 U.S.C. § 406(b). *See also Blitch v. Astrue*, 261 F. App'x 241, 241 n.1 (11th Cir. 2008).

A separate judgment will issue.

DONE this 18th day of August, 2021.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE